UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEJON MOORE                                  CIVIL ACTION

VERSUS                                       NO. 25-355

JOHN DOE, *et al.*                           SECTION M (5)

## ORDER & REASONS

Before the Court is a motion to remand filed by plaintiff LeJon Moore.[1]  Defendant EAN

Holdings, LLC ("EAN") responds in opposition.[2]  Having considered the parties' memoranda, the

record, and the applicable law, the Court grants the motion and remands this matter to the Civil

District Court, Parish of Orleans, State of Louisiana, because EAN has not demonstrated by a

preponderance of the evidence that the minimum jurisdictional amount is met.  However, the

motion is denied as to Moore's request for attorney's fees and costs.

## I.    BACKGROUND

This case concerns a hit-and-run automobile accident.  Moore alleges that on March 5,

2023, he was driving in the left lane on North Broad Street in New Orleans, Louisiana, when the

vehicle traveling in the right lane slammed into the passenger side of his car.[3]  On March 5, 2024,

Moore filed this suit in state court against EAN, which owned the rental car that hit him; "John

Doe," the unknown driver of the rental car; and "ABC Insurance Company," EAN's unnamed

insurer.[4]  Moore alleges, in the alternative, that EAN is self-insured.[5]  Moore claims that, as a result

---

[1] R. Doc. 11.
[2] R. Doc. 23.
[3] R. Doc. 1-1 at 1-2.
[4] *Id.*
[5] *Id.* at 2.

of the accident, he "sustained serious injuries to his person, causing him to seek medical attention and treatment," and that his damages include "past and future pain and suffering, past and future mental anguish and suffering, past and future medicals, and any and all other damages that may be proved at the trial of this matter."[6]

On September 20, 2024, EAN, in response to Moore's written discovery requests, informed Moore that the offending vehicle was rented to Devonta Jason, who is a Louisiana citizen.[7]  Then, between January 29, 2025, and January 31, 2025, plaintiff's counsel and defense counsel discussed Moore's alleged injuries and treatment.[8]  Plaintiff's counsel advised that Moore's medical expenses for his neck and back injuries totaled $6,156.99, which was the amount billed for four months of treatment in early 2023.[9]  Moore has not received treatment since that time.[10]  On January 31, 2025, plaintiff's counsel sent defense counsel an MRI report dated July 10, 2023, that indicated Moore had a disc herniation and annular tear at the C5-6 level, which the doctor thought was acute and "suspected and consistent with the patient's stated history of recent trauma."[11]  Also, on January 31, 2025, Moore filed in the state court a motion for leave to add Jason as a defendant.[12] The motion was set to be heard on March 21, 2025.[13]

However, on February 20, 2025, EAN removed the case to this Court based on diversity subject-matter jurisdiction.  In its notice of removal, EAN states that the amount in controversy was not apparent on the face of the state-court petition, but it became evident to EAN that the jurisdictional minimum was met upon EAN's receipt of Moore's MRI report, coupled with

---

[6] *Id.*
[7] R. Docs. 1-16 at 3, 11; 1 at 3.
[8] R. Doc. 1 at 6.
[9] *Id.*; R. Doc. 1-6 at 12.
[10] R. Doc. 1-6 at 12.
[11] R. Doc. 1-11 at 2.
[12] R. Doc. 1 at 3 n.1.
[13] *Id.*

Moore's refusal to stipulate that the amount in controversy is less than $75,000, exclusive of interest and costs.[14]  To support its removal, EAN filed an affidavit executed by its attorney, Donna Powe Green, in which she states that the amount in controversy is satisfied because Moore has not stipulated that his damages are less than $75,000 and, based on her experience, similar injuries have garnered larger sums in Louisiana state courts.[15]

## II.    PENDING MOTION

Moore argues that this case should be remanded because the jurisdictional minimum is not satisfied.[16]  First, he points out that he has repeatedly stated in his discovery responses that the amount in controversy does not exceed $75,000.[17]  Next, Moore contends that the MRI report, which he characterizes as being turned over to EAN for "settlement purposes," does not contain unequivocally clear and certain information regarding the value of his claim.[18]  Moore also cites cases from this district where the court found that the amount in controversy was not satisfied when the plaintiff had a disc bulge or herniation, did not have surgery, and incurred less than $15,000 in medical expenses at the time of removal.[19]  Further, Moore argues that the state-court

---

[14] *Id.* at 4-9.

[15] R. Doc. 1-5.

[16] R. Doc. 11-1 at 1, 5-9, 11-21.

[17] *Id.* at 5.  Moore contends that EAN failed to support its removal with certified medical records.  *Id.* at 5-6. However, he does not point to any authority, and the Court is aware of none, that requires that documents submitted in support of removal be certified.

[18] *Id.* at 6-9.

[19] *Id.* at 11-13 (citing *Barrow v. James River Ins. Co.*, 2017 WL 656725 (E.D. La. Feb 15, 2017) (finding amount in controversy not satisfied where plaintiff incurred $4,600 in medical expenses at time of removal, and received physical therapy and an epidural steroid injection to treat disc herniations, but where plaintiff also stipulated that the amount in controversy was less than $75,000 and that he would not seek or be allowed to recover any judgment in excess of $75,000); *McCain v. Winn-Dixie Montgomery, LLC*, 2016 WL 2908418 (E.D. La. May 19, 2016) (finding amount in controversy not satisfied where plaintiff incurred $6,384 in medical expenses at time of removal, and medical records indicated annular cervical bulges at C4-5, C5-6, and C6-7; exacerbation of several preexisting lumbar disc herniations; and other injuries to wrist and hip, but defendant did not show that plaintiff would undergo further treatment or surgeries); *Robichaux v. Wal-Mart Stores, Inc.*, 2016 WL 1178670 (E.D. La. Mar. 28, 2016) (finding amount in controversy not satisfied where plaintiff incurred $7,556 in medical expenses at time of removal, and MRI demonstrated that the plaintiff had a "mild bilateral facet arthropathy at L3-4, bilateral facet arthropathy and a circumferential broad based posterior disc bulge with resultant mild central canal stenosis and bilateral foraminal narrowing at L4-5, and mild bilateral facet arthropathy at L5-S1," but no showing that surgery was required); *Powell v. Cadieu*, 2016 WL 1042351 (E.D. La. Mar. 16, 2016) (finding amount in controversy not satisfied where plaintiff

cases that EAN relies on to support the amount in controversy are factually distinguishable and do not demonstrate by a preponderance of the evidence that the jurisdictional minimum is satisfied here.[20]  Moore seeks attorney's fees and costs for what he says was EAN's improper removal of this action.[21]

In opposition, EAN argues that the jurisdictional minimum is met because Moore failed to allege in his petition that it is not, Moore has not stipulated that it is not, and the MRI report shows significant injuries that Moore attributes to the accident.[22]  EAN posits that this Court should ignore Moore's discovery statements that his damages do not exceed $75,000 because he qualifies that answer with "as currently pled," "reserves all rights regarding future amendments should circumstances change," and refuses to stipulate that his damages do not exceed the jurisdictional threshold.[23]  EAN further argues that the medical evidence shows that Moore's damages could exceed $75,000 because he has a disc bulge and herniation and had complaints of pain when he ceased treatment in July 2023.[24]  EAN contends that the awards in other cases in Louisiana where the plaintiffs had injuries similar to Moore's shows that Moore's damages could exceed $75,000.[25]

---

incurred $1,948 in medical expenses at time of removal, and MRI tests indicated plaintiff had "lumbar facet arthrosis at L3-4 and L4-5 with bulging at L3-4 with annulus fibrosus tear with bulging at L5-S1 and L2-3 and L4-5," but no showing that surgery was required); *Arnold v. Lowe's Home Ctrs., Inc.*, 2011 WL 976512 (E.D. La. Mar. 16, 2011) (finding amount in controversy not satisfied where plaintiff incurred approximately $12,000 in medical expenses at time of removal, and suffered a herniated disc at C3-4 for which epidural steroid injections were prescribed)).

[20] *Id.* at 14-20.  Moore also takes issue with EAN's relying on settlement negotiations in another case to support its argument. *Id.* at 20-21.  Further, Moore urges the Court to ignore EAN's bad-faith argument and contends that the motion to remand was filed timely. *Id.* at 21-22.  Finally, Moore argues that he seeks to add Jason, a nondiverse defendant, which would abrogate jurisdiction, regardless of the amount in controversy. *Id.* at 24-27.  None of these issues bear upon the disposition of the current motion, and, thus, they need not be addressed.

[21] *Id.* at 23-24.

[22] R. Doc. 23 at 5-6, 8-17.

[23] *Id.* at 9-12, 15-17.

[24] *Id.* at 12-14.

[25] *Id.* at 15-17 (citing, *inter alia*, *Manieri v. CR England, Inc.*, 2019 WL 2022535 (E.D. La. May 8, 2019) (finding amount in controversy satisfied where plaintiff incurred $14,641 in medical expenses at the time of removal, with "diagnosis of accident-related cervical disc bulges and lumbar disc degeneration," but with recommendations for ongoing epidural steroid injections and surgery)).

## III.     LAW & ANALYSIS

### A. Remand Standard

A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). Because federal courts have only limited jurisdiction, the removal statute is strictly construed, and any doubts or ambiguities are resolved against removal and in favor of remand. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The party seeking removal has the burden of establishing "that federal jurisdiction exists and that removal was proper." *Manguno*, 276 F.3d at 723.

### B. Amount in Controversy

Federal courts have original jurisdiction over matters involving state-law claims when the parties are completely diverse, meaning no plaintiff is a citizen of the same state as any defendant, and when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1); *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023). "The amount in controversy is 'not proof of the amount the plaintiff will recover' but 'an estimate of the amount that will be put at issue in the course of the litigation.'" *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1057 (5th Cir. 2022) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). It "is measured by the direct pecuniary value of the right the plaintiff seeks to enforce or protect; stated somewhat differently, it is the value of

5

the object or subject matter of the suit that is critical."  14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3707, at 590 (5th ed. 2023); *see also Durbois*, 37 F.4th at 1057 (collecting cases).   "[T]he party invoking federal diversity jurisdiction ... bears the burden of establishing the amount in controversy by a preponderance of the evidence."  *Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348, 351 (5th Cir. 2023).  If the amount in controversy is not apparent from the face of the complaint, the court may rely on summary-judgment type evidence.  *Id.* at 351-52; *see also* 14B WRIGHT & MILLER, *supra*, § 3705, at 517.   Summary-judgment type evidence includes "discovery material and post-institution or post-removal affidavits, exhibits, reports, declarations, emails, or letters, especially when the facts relating to jurisdiction are ambiguous or disputed."  14B WRIGHT & MILLER, *supra*, § 3705, at 518-30.  As a jurisdictional requirement, the amount in controversy "is decided under federal, not state, standards."  *Id.* § 3702, at 323.

Here, it is not facially apparent from the complaint itself whether it is more likely than not that the amount in controversy exceeds $75,000.  Moore's complaint states that he "sustained serious injuries," sought "medical attention and treatment," and seeks damages for past and future pain and suffering, mental anguish, and medical bills.[26]  However, this standard list of damages – which is not accompanied by factual allegations regarding the amount in controversy – is insufficient to meet the "facially apparent" test.  *Young v. Popeyes La. Kitchen, Inc.*, 2024 WL 4263173, at *2 (E.D. La. Sept. 23, 2024) ("Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of damages sought is insufficient to meet defendant's burden using the facially apparent test." (quotation omitted)).

---

[26] R. Doc. 1-1 at 2.

Consequently, the Court must consider the evidence EAN puts forth regarding the amount in controversy. EAN principally relies on the MRI report, Moore's failure to stipulate that the amount in controversy is less than $75,000, and what it says are analogous cases.[27] This evidence, though, is not sufficient to meet EAN's burden of proving that the jurisdictional threshold is met. Although the MRI shows a disc herniation and bulge, there is no evidence indicating that Moore will require future treatment (much less surgery) or the cost of any such treatment. "[C]ourts in this district have repeatedly held that unoperated herniated discs do not meet the jurisdictional minimum." *Higgins v. Ace Am. Ins. Co.*, 2024 WL 2796650, at *3 (E.D. La. May 31, 2024) (alternation and quotation omitted) (collecting cases). Indeed, Moore has not sought any treatment in almost two years. In that vein, there is no evidence of any medical bills since 2023, and no evidence of other damages, such as lost wages. Although "a failure to stipulate that damages will not exceed $75,000 may be probative in close cases, it is insufficient to carry [the] defendant's burden on its own." *Young*, 2024 WL 4263173, at *3. Thus, at this juncture, this Court cannot conclude that it is more likely than not that Moore's damages will exceed $75,000 when his current medical expenses are less than $7,000 and there is no evidence demonstrating that he will incur further expenses for medical treatment or lost wages. *See id.*; *Higgins*, 2024 WL 2796650, at *3-4 (finding amount in controversy not satisfied where, at the time of removal, plaintiff's costs were $6,000 and defendants did not submit evidence of anticipated future medical treatment or lost wages, even though plaintiff failed to stipulate that her damages were less than $75,000); *Mogilles v. Memberselect Ins. Co.*, 2024 WL 835833, at *5-7 (E.D. La. Feb. 28, 2024) (finding amount in controversy not met when MRI showed disc herniation, plaintiffs incurred *de minimis* medical expenses, and there was no surgery recommendation); *Woods v. Patrons Oxford Ins. Co.*, 2022

---

[27] *See* R. Docs. 1-11; 23.

WL 2965923, at *3-4 (E.D. La. July 27, 2022) (finding amount in controversy not met where settlement offer "did not reflect an honest assessment of the value" of the case considering that plaintiff's medical bills were $7,560 for conservative treatment, although MRI showed a herniated disc and plaintiff did not stipulate that damages were less than $75,000); *Lazard v. Winn-Dixie Montgomery, LLC*, 2022 WL 17414304, at *3-5 (E.D. La. Dec. 5, 2022) (finding amount in controversy not met where plaintiff's medical expenses totaled $3,552 and defendant did not provide evidence of the cost of future treatment even though plaintiff failed to stipulate that damages did not exceed $75,000); *Hitchens v. Bunch*, 2021 WL 5822639, at *5-6 (E.D. La. Dec. 8, 2021) (finding amount in controversy not met where medical expenses totaled $4,799 and MRI showed disc bulge, but defendant did not indicate the extent or cost of anticipated treatment).

In holding that the jurisdictional minimum is not satisfied here, the Court is "mindful that removal jurisdiction is strictly construed," and that "any ambiguity should be interpreted in favor of remand." *Higgins*, 2024 WL 2796650, at *4 (quotations omitted).  And, while it is possible that Moore may ultimately receive more than $75,000 in damages, "the evidence presented at this time by [EAN] does not make such a result appear more likely than not." *Id.* (quotation omitted).

Nevertheless, because it cannot be said that EAN did not have an objectively reasonable basis to seek removal, the Court, in an exercise of its discretion, declines to award attorney's fees to Moore under 28 U.S.C. § 1447(c).  *See Thomas v. S. Farm Bureau Life Ins. Co.*, 751 F. App'x 538, 540 (5th Cir. 2018) ("In general, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  If the removing party could conclude from the case law that its position was not an unreasonable one at the time of removal, then it had an objectively reasonable basis for removal." (internal citations, quotation marks, and alteration omitted)).

**IV.    CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Moore's motion to remand (R. Doc. 11) is GRANTED, and this case is REMANDED to the Civil District Court, Parish of Orleans, State of Louisiana.

IT IS FURTHER ORDERED that Moore's request for attorney's fees and costs associated with the removal is DENIED.

New Orleans, Louisiana, this 17th day of April, 2025.


BARRY W. ASHE
UNITED STATES DISTRICT JUDGE